Baker v. Cook.

BAKER v. COOK.

See this case for circumstances under which it was held there was no evidence to sustain the verdict in favor of the defendant, a purchaser at Sheriff sale, whose recovery depended on the proof of a supposed deed from the plaintiff to the defendant in execution.

Where the defendant in an action of trespass to try title having admitted that the plaintiff had owned the property, but contended that he had sold it to another under whom the defendant claimed, proved the statements of the plaintiff as a witness in another suit, to the effect that he never had sold the property and that it still belonged to him, it was held that the defendant was concluded by the statement; that the testimony stood upon the same ground as that of any other witness.

Appeal from Travis.

*Fisk* and *Peck*, for appellant.

*Hamilton* and *Lee*, for appellee.

LIPSCOMB, J. This action was brought by the appellant to recover possession of a certain lot in the city of Austin, which had been patented to him by the Government. The defendant claimed title to the lot in controversy under a Sheriff's sale, of the property of one Slocumb, who, it is alleged, acquired this lot by purchase from the plaintiff. There was a verdict and judgment for the defendant. The only assignment of error, material to consider, is the overruling of the motion for a new trial.

The first and most important fact for the defendant to establish, was the conveyance from the plaintiff to Slocumb. The plaintiff having shown title in himself was entitled to recover, unless it was shewn that such title had been divested out of him. Had any evidence been offered tending to establish this fact, however unsatisfactory to us it may have been, we should not feel authorized to disturb the verdict. But

there was no such evidence. The deed from Baker to Slo-cumb was not produced upon the trial. The defendant sought to establish its existence and contents by parol testimony. The County Clerk of Travis County testified that in 1847 two deeds for lots in block 29 in the city of Austin, were left in his office ; that the name of the plaintiff appeared to these deeds as grantor or witness. What particular lot or lots were conveyed, the witness was unable to state ; that 'the deeds were not in any way authenticated, and consequently were not filed for record or recorded ; that some time between 1845 and 1849 these deeds were taken out of the office by Slocumb.

It was also proven that the plaintiff had stated that he had sold a lot in the city of Austin to one Farley ; that it had not been paid for and he wished to take it back.

Slocumb, the alleged grantor of Baker, testified without objection, that he never purchased the lot in controversy of the plaintiff; that he agreed with one Farley to purchase this lot ; that Farley had a deed with the name of the plaintiff signed as grantor ; that the deed was completed by Farley by filling up a blank with the name of witness as grantee ; that the subscribing witnesses to the deed were dead or absent from Travis County (where the deed purported to have been executed) long before the date of the deed ; and that he, the witness, after diligent effort was unable to prove its execution and returned it to Farley.

This testimony fails to establish this important fact: that the deed to the lot in controversy was ever executed by the plaintiff. No witness testifies as to his signature or to that of the subscribing witnesses. On the contrary, the fact of the death or absence of the subscribing witnesses, at the time it purports to have been executed, and the failure, after repeated efforts, to prove their signatures, raises a strong presumption that the deed was a forgery.

The proof offered by the defendant, of the statements of the plaintiff Baker, as a witness in another suit, sustains this conclusion. He, Baker, stated under oath, that he had never

executed any deed to Slocumb, and that the lot in controversy was his property. The defendant, having made the statements of his adversary evidence, is concluded by them. Such testimony, having been introduced by him, stands upon the same ground as that of any other witness. It is ordered that the judgment be reversed and the cause remanded for further proceedings.

                                    Reversed and remanded.