## J. Laing v. J. F. O'Connor et al.

### Decided October 10, 1898.

**Burden of Proof—Action on Account.**

The burden of proof in a suit for part of the profits alleged to have been realized upon a contract is upon plaintiff to show the cost of the work, where it is necessary to know the cost in order to ascertain the amount of the profits.

Error from Dallas. Tried below before Hon. Edward Gray.

*Dickson & Moroney,* for plaintiff in error.

*Crawford & Crawford,* for defendant in error.

FINLEY, Associate Justice.—This suit was instituted by J. Laing on May 18, 1896, against J. F. O'Connor, E. K. Smoot, and J. C. O'Connor, and in substance alleges: That March 1, 1890, J. F. O'Connor, in his own name, entered into a contract with the city of Houston for the pavement of Dallas and San Felipe streets in said city. That in April, 1890, J. F. O'Connor, E. K. Smoot, and J. Laing entered into an agreement by the terms of which they became jointly interested in said paving contract. By the terms of this agreement Laing and Smoot were to furnish $10,000, to be used in carrying on the paving contract, and any further sums which might be required were to be furnished by J. F. O'Connor, E. K. Smoot, and J. Laing in equal proportions. That upon the completion of the contract the amount contributed should be returned to the party making the contribution, and the net

cash profits up to the sum of $10,000 should be divided equally between J. F. O'Connor, E. K. Smoot, and J. Laing. All profits in excess of $10,000 were to belong to J. F. O'Connor. The petition alleges that profits in excess of $10,000 were realized from the contract; that J. F. O'Connor has received the same, and to recover Laing's part of the profits is the object and purpose of the suit.

June 4, 1896, an interlocutory judgment by default was rendered against J. F. O'Connor and E. K. Smoot, and a writ of inquiry awarded.

December 10, 1896, the cause was heard. Plaintiff discontinued as to J. C. O'Connor, and after hearing the evidence the court rendered judgment in favor of the defendants J. F. O'Connor and E. K. Smoot.

The court filed its findings of fact and conclusions of law as follows:

"First—That in the cause, on June 4, 1896, interlocutory judgment by default was rendered in favor of the plaintiff against the defendants J. F. O'Connor and E. K. Smoot, which determined his right to recover one-third of the profits, up to the sum of $10,000, under the contract between the said J. F. O'Connor and the city of Houston, as alleged in plaintiff's petition, less such portion of such profits as had already been paid to the plaintiff, leaving to be determined the question as to what was the amount, if any, of the net cash profits made under said contract.

"And thereupon this cause was continued to be tried upon a writ of inquiry, and that on, to wit, December 10, 1896, said writ of inquiry was duly tried.

"I find that plaintiff, Joseph Laing, has received from the defendant, J. F. O'Connor, the amount contributed by him under the terms of the contract between them and E. K. Smoot, and in addition thereto the sum of $976.12 as part of the profits made under the said contract with the city of Houston, said payment to be considered as paid at the time said work was completed.

"I further find that said work was completed in February, 1891, and that thereupon the said J. F. O'Connor received, in his own name, improvement certificates, which certificates were then of the cash value of $40,500.

"And I further find that neither party hereto has shown to the satisfaction of the court what was the cost of doing said work under the contract between J. F. O'Connor and the city of Houston, or that the profits of said work exceeded the sum of $2500.

"Conclusions of Law.—I find that the burden of proof was upon the plaintiff to make out his entire case, including in this case the cost of doing the entire work under the contract between the said J. F. O'Connor and the city of Houston, in order to show the profits made thereunder, and as this was not shown to the satisfaction of the court, that the decision of the court must necessarily be for the defendants."

*Opinion.*—Under the first and second assignments of error it is insisted that the court erred in its legal conclusions that the burden of

proof was upon plaintiff to show the cost of the work, and it is urged that upon the evidence adduced judgment should have been rendered for the plaintiff.

This being a suit for part of the profits alleged to have been realized upon a contract job of work, the fact that there were profits and the amount thereof must have been shown as a basis of a recovery. In this case it seems that it was necessary to know the cost of the work in order that the profits might be determined. This being true, it was a necessary part of the plaintiff's case, and the burden was on him to establish his case. The general rule, that the burden rests with the plaintiff, is not denied by counsel, but it is contended this burden was met and discharged by the plaintiff; that the plaintiff made a prima facie case, which was not affected by the testimony of the defendant, and that plaintiff was entitled to judgment upon the evidence. The rule is, that plaintiff may rest upon a prima facie case made by the proof, and unless the defendant offers evidence tending to establish a different conclusion the plaintiff is entitled to a judgment. But when the defendant offers evidence of this character he does not assume the burden of proof, and it will be quite sufficient to prevent a recovery if the whole evidence, including that of the plaintiff and the defendant, fails to establish the fact in question. The rule as to burden of proof is correctly stated and fully illustrated in Clark v. Ellis, 67 Texas, 148, and Jester v. Steiner, 86 Texas, 417.

In this case the plaintiff sought to show the cost of the work from the books kept under the direction of the defendant. An expert bookkeeper, who had examined the books, testified that the books showed the cost to have been $24,150, not including four items entered upon the books, which aggregate the sum of $16,130. These items were excluded by him because no vouchers were shown for them; they were entered some eight months after the expenditures purported to have been made, and seemed to be in lumping sums rather than detailed items. On the other hand it was shown that the work began in April, 1890. The first entry on the journal examined by Dabney was August 30, 1890. September 1, 1890, Mr. Barry was appointed foreman of the work, and after this all sums paid out were properly entered on the books. Before this time the accounts had been kept in a small book which J. F. O'Connor carried in his pocket; he had receipts and vouchers for all sums paid out by him, but they were stolen with his valise at Austin in the summer of 1890.

After the work was done J. F. O'Connor says that he had an estimate made of the cost of the work done before September 1, 1890. When Barry took charge four blocks had been finished and two partly so. Barry made a map and estimate of the cost, and upon this estimate the amounts covering the four disputed items are based. The defendant swore that the books did not show the entire cost when these items were excluded, and that such items represented amounts actually paid out by him on the work. He does not pretend to remember in detail the

items of expenditure included in the disputed entries, but presented them as the best estimate he could make, his memoranda having been stolen. Excluding the disputed items from consideration and then taking the other book entries as the basis, profits would be shown to an amount in excess of $10,000, but if the items mentioned are considered, no profits would be shown out of which the plaintiff would be entitled to recover. It may be justly said that the defendant's testimony did not satisfactorily show that the disputed entries were correct as to the amount he had expended, which was not otherwise shown on the books. But, if he is to be believed, the books do not correctly show the cost; excluding these entries, and these entries approximately represent expenditures made which do not otherwise appear. The plaintiff did not exhaust his field of inquiry; he might have brought evidence to attack the reasonableness and accuracy of these estimates and strengthened his prima facie case, if it can be correctly said that he had made a prima facie case. We are of the opinion that the evidence as a whole presented no satisfactory basis for a judgment in favor of plaintiff, and therefore the judgment of the lower court is affirmed.

*Affirmed.*