LEVIN v. STEINLE.    (No. 5961.)

(Court of Civil Appeals of Texas.    San Antonio.    Feb. 6, 1918.).

1. PARTNERSHIP ⬥≫336(3)—PROFITS—SUFFICIENCY OF EVIDENCE.

In an action to recover a partner's fifth interest in plumbing tools and in the profits of the firm, evidence that plaintiff was entitled to one-fifth of the profits, or $120, *held* to sustain judgment for that amount.

2. PARTNERSHIP ⬥≫89—PARTNER'S LIEN.

The law fixes a lien for the interest of a partner in the personal property of the firm, and in suit by a partner to recover a fifth interest in plumbing tools and the profits of the firm, no evidence was necessary, except that there was partnership property in the hands of defendant, and that plaintiff owned an interest in it.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by Leon Steinle against Nathan Levin. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

T. H. Ridgeway, of San Antonio, for appellant.

FLY, C. J. This is a suit instituted by appellee to recover of appellant his one-fifth interest in certain plumbing tools and his one-fifth interest in the profits of a partnership of which he was a member. He also prayed for the appointment of a receiver. The record fails to show the appointment of a receiver. The cause was tried without a jury, and judgment was rendered in favor of appellee for $120, his one-fifth interest in the profits of the partnership and one-fifth interest in a certain lot of tools and supplies belonging to the partnership. It was further decreed:

"And it further appearing to the court that there exists a lien in favor of the plaintiff against the defendant to secure a judgment of $120 herein recovered in behalf of plaintiff, upon the defendant's four-fifths interest in the above-described property, it is ordered, adjudged, and decreed that this lien is foreclosed, and in the event the defendant fails to pay said $120 within 20 days from the date of this judgment, and the parties hereto do not report to this court within 20 days from the day of this judgment, that they have agreed upon a division of the above-described property in the proportions above named or in either event, then the clerk of this court will issue an order

of sale directed to the sheriff or any constable of Bexar county, Texas, in the terms of the law, and the said officer executing said writ shall sell said property, and he shall divide the proceeds thereof in the proportion of one-fifth to Leon Steinle and four-fifths to Nathan Levin, after having satisfied the judgment in favor of Leon Steinle of $120, and after payment of all costs herein, and in the event the interest in the above property of Nathan Levin does not sell for sufficient amount to pay the judgment herein in favor of Leon Steinle, then the remainder of said judgment shall be made from the property of the defendant Nathan Levin, and that each party in this suit shall pay one-half of the costs herein incurred."

[1] It is contended, through the first and second assignments of error, that there is no basis in the testimony for the $120 judgment in favor of appellee, as there was no evidence that tends to show that he was entitled to such profits. Appellee testified that the profits were from $1,104.50 to $1,289.50, and that the unpaid bills were $467.05, which subtracted from the lowest amount of profits would leave $637.45 collected, which divided by 5 would give appellee $127.49. If the $1,289.50 be taken as profits, $467.05 deducted would leave as appellee's one-fifth interest $164.49. No one swore that the tools and supplies had not been paid for, or that they were paid for out of the profits, and there is no ground for deducting their value from the profits. The evidence tends to show that they were bought before the work of the partnership began, and there is nothing to show that they were not paid for by the partnership. Appellant swore that he did not know when the tools were bought, but that "the books would show when we started in business." He also said that the tools had been in use "since we have been in business." He states in regard to some of the tools that "we bought them." He did not claim that he bought the tools and supplies, or that they were not paid for.

The evidence fails to show that a large portion of the personal property was lost, as contended in the third assignment of error, and it is overruled.

[2] The law fixes a lien for the interest of appellee in the personal property of the partnership, and no evidence was necessary, except that there was partnership property, which was in the hands of appellant, and that appellee owned an interest in it. Wiggins v. Blackshear, 86 Tex. 665, 26 S. W. 939; Sherk v. Bank, 152 S. W. 832; Blackwell v. Bank, 97 Tex. 445, 79 S. W. 518; Rev. Stats. art. 5671; Merriwether v. Hardeman, 51 Tex. 436. The fourth and fifth assignments attack that part of the judgment. giving the lien, not on the ground that the law does not give the lien, but that there was no evidence to sustain the decree of a lien. They are overruled.

The sixth assignment of error is overruled. The assignment does not assail the authority of the court to provide, if the parties do not agree on a partition of the property, that it should be sold and the proceeds divided.

The judgment is affirmed.