## DOVE v. COLEMAN. (No. 1850.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 2, 1921.)

**1. Trial ⬤⇒85—General objection to evidence admissible in part insufficient.**

General objection to evidence, only part of which was inadmissible, was properly overruled.

**2. Evidence ⬤⇒151(1)—Evidence of intent or motive is admissible.**

Generally, when the intent or motive or belief of any person is a material fact, direct testimony, as to such motive, intent, or belief, is competent.

**3. Evidence ⬤⇒116—Explanatory evidence admissible.**

A party may testify as to matters explanatory of facts in evidence or of inferences therefrom.

**4. Evidence ⬤⇒314(1)—Trial ⬤⇒62(2)—Evidence held not hearsay and admissible in action for accounting.**

In action for partnership accounting for profits from building jobs, after plaintiff had testified that at his request defendant had done some small jobs for various parties and had divided his profits with plaintiff, as tending to show a partnership existed, testimony by defendant was proper in rebuttal or explanation that his reasons for doing such small jobs under such conditions were that "he had been informed that" plaintiff was hard to get along with, and that he was in charge of the open shop force in the town and would give defendant trouble if he stayed in that town, to avoid which he did the work as an accommodation; and the fact that the witness stated "he had been informed" would not render the statement hearsay, the gist of the statement being his belief, founded, not on a personal knowledge, but on information.

**5. Partnership ⬤⇒122—Because party introduced adversary's pleadings court held not bound to peremptorily instruct jury to find there was no partnership.**

In action based on plaintiff's claim of partnership, the court was not required to peremptorily instruct the jury to find there was no partnership because of the fact that plaintiff introduced in evidence the sworn pleadings of defendant denying partnership; there being other evidence introduced by plaintiff on the question of partnership.

**6. Partnership ⬤⇒327(6)—To recover share of profits of job on accounting, plaintiff must prove defendant's collection of or duty to collect money on the job.**

In action for partnership accounting for profits from building jobs, plaintiff claiming partnership with defendant, for plaintiff to recover his half of the alleged profits from a specific building job, where the building owner was not a party to the action, it was necessary for plaintiff, not only to plead, but to prove, that the building had been completed in accordance with the owner's contract, and that defendant had collected or was under duty to collect the money due from the owner.

Appeal from District Court, Wilbarger County; J. A. Nabers, Judge.

Action by H. L. Coleman against J. O. Dove. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Berry, Stokes & Killough, of Vernon, for appellant.

O. T. Warlick and F. M. Kemp, both of Vernon, for appellee.

HALL, J. Appellee, as plaintiff, sued appellant in the district court of Wilbarger county in cause No. 2935, alleging in substance that they entered into a partnership agreement to do a general building and construction business, in which they were to share the profits equally, and in pursuance thereof had several buildings under construction at the same time; that plaintiff looked after some of the buildings and defendant the others; that the partnership business was profitable and was conducted agreeably to both parties until about September 3, 1920, when the defendant ousted plaintiff from the firm and refused to permit him to have anything further to do with the building, which defendant was supervising; that about two weeks prior to the time he was so ousted the defendant had secured for the firm a contract to erect certain buildings for one Kincheloe, and that the construction of such buildings was supervised by defendant, with the assistance of plaintiff, up to the time plaintiff was ousted from the partnership; that the profits arising from the Kincheloe job amounted to $6,000, which sum had been collected by defendant and appropriated to his own use. Plaintiff prayed for recovery of $3,000 for a partnership accounting, a dissolution of the firm, for costs, and general relief. The defendant answered, specially denying under oath the allegation of partnership, and alleging that plaintiff had nothing to do with the Kincheloe job, had no interest in the contract, had never done any work thereon, and was not entitled to recover part of the profits. He further alleged that, if any partnership ever existed, it had been dissolved prior to the transactions involved in the suit.

On the same day plaintiff filed a second suit in the district court, numbered 2938, against T. J. Youngblood and J. M. Underwood, alleging, in substance, that a partnership existed between plaintiff and J. O. Dove to do a general contracting business, in which they were to share the profits equally; that they had contracted with the defendants Youngblood and Underwood to construct an undertaking parlor, which was completed and accepted by the defendants about the 25th of August, 1920, and that their profits amounted to $1,224; that defendants had paid Dove one half of said sum, but refused to pay him the other half. Defendants Youngblood and

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Underwood answered by general denial, and by special answer alleged that about July 1, 1920, they desired to have a brick building erected for an undertaking parlor, and, having heard that J. O. Dove was a skillful and reliable builder, concluded to have him erect it; that plaintiff represented to them that he and Dove were partners in the building business; that Dove would superintend the building and be responsible for its proper construction, and, relying upon such representations, they permitted plaintiff to begin the job. Soon thereafter Dove informed them that he was not a partner with Coleman and that he (Dove) was in no way connected with the work; that defendants were embarrassed and wanting the building completed and were not willing to rely upon Coleman to do the work; that they were not satisfied with the manner in which Coleman was having it done and appealed to Dove to come to their assistance, but he refused to do so or be in any way responsible for it as long as Coleman had anything to do with it; that they therefore discharged Coleman and made a contract with Dove to complete the building for a commission of 10 per cent. on the cost price, which commission amounted to $1,200, one-half of which they had already paid Dove and had always been ready to pay the balance, and which sum they tendered into court to abide the result of the suit. That they would not have permitted Coleman to commence the job but for his representations with reference to the partnership existing between himself and Dove. Dove, appellant herein, intervened in that suit, denied the partnership under oath, claimed the $600 balance due, but admitted that Coleman was entitled to $100 since he had agreed that defendants might pay him that amount in an effort to settle Coleman's claim. He further alleged that, if any partnership had ever existed between himself and plaintiff, Coleman, it had been dissolved prior to the transactions involved in the suit. Plaintiff, Coleman, filed what he terms "plaintiff's original answer to intervener's original answer," again pleading substantially the facts set out in his original petition, and in addition thereto that the moving causes leading up to the partnership were that he had long been a resident of Vernon; had a wide acquaintance and influence; that he could procure many contracts which the intervener could not get; and that intervener had illegally and wrongfully induced the defendants to refuse to pay him his half of the profits. Upon motion of the plaintiff Coleman the two suits were consolidated. Upon a trial before a jury the case was submitted upon two special issues, the substance of the findings being: (1) That Coleman and Dove were partners in the erection of the Youngblood building at the time the contract was made between Coleman and Youngblood; (2) that Coleman and Dove were partners at the time the contract was made between Dove and Kincheloe for the erection of the Kincheloe building.

[1-4] The first assignment of error is based upon the trial court's action in excluding certain testimony. The bill of exceptions shows that after the plaintiff, Coleman, had testified that at his request Dove had done some small jobs for various parties he had divided his profits with plaintiff; that this evidence had been introduced as a circumstance tending to establish a partnership between the parties; that Dove offered to explain by his testimony the circumstances under which he had done the work. The objection made was that the testimony was immaterial and irrelevant. His proffered explanation was that his reasons for doing such small jobs under such conditions were "because he had been informed that Coleman was hard to get along with; that Coleman was in charge of the open shop force in Vernon and would give defendant trouble if he stayed in Vernon, and he was trying to avoid such trouble and did the work as a matter of accommodation to the parties having the work done and in order to keep peace with Coleman. The objection to the evidence being a general one and part of it being clearly admissible and part inadmissible, the court properly overruled the objection; the rule being that an objection to evidence, offered as a whole, when part of it is inadmissible and is objected to for that reason, all of it should be excluded. Magee v. Paul, 159 S. W. 325. The proposition under the assignment and the counter proposition have narrowed the question to the admissibility of that part of the proffered testimony wherein Dove would have said that he had been informed that Coleman was hard to get along with, and that he was in charge of the open shop force in Vernon, and would give him trouble if he stayed in Vernon. The general rule is that, when the motive or intent or belief of any person is a material fact, direct testimony as to such motive, intent, or belief is competent, and a further fundamental rule of evidence is that a party may testify as to matters explanatory of facts in evidence, or of inferences therefrom. Pecos & North Texas Railway Co. v. Winkler, 179 S. W. 691 (16); Dean v. Dean, 214 S. W. 505; Emerson-Brantingham Implement Co. v. Roquemore, 214 S. W. 679; Thigpen v. Russell, 55 Tex. Civ. App. 211, 118 S. W. 1080; Wade v. Odle, 21 Tex. Civ. App. 656, 54 S. W. 786; Memphis Cotton Oil Co. v. Goode, 171 S. W. 285. The fact that the witness stated "he had been informed" may have provoked the objection based upon the ground of hearsay. Nevertheless the effect of his statement is that he believed, though not from personal knowledge, but from information, that Coleman was hard to get along with and would give him trouble. The court qualified the bill by showing that counsel for appellee asked the court to charge the jury not to con-

sider the statement of Dove that he had been informed that Coleman was hard to get along with, and it appears from the court's qualification that the statement was excluded upon the theory that it was hearsay. If this be admitted, the evidence was in rebuttal of facts proven by appellee, and which, if unchallenged or unexplained, would have tended strongly to show the existence of a contract of partnership. The belief and motive of appellant then becomes material and makes the rebuttal testimony admissible.

The second, third, and fourth assignments of error are based upon the action of the court in refusing to give three special charges. Reference to the record shows that the court had given special charge No. 1, wherein the jury are instructed that a joint interest in a contract is not necessarily a partnership, and that, if they believed from the evidence that in the matter of the Puckett building appellant allowed and paid appellee one-half of the profits for his services, and not as a matter of partnership business, then the Puckett transaction furnished no evidence of a partnership between the parties. This charge embodies the substance of special charges Nos. 2 and 3, which were refused by the court. Coleman alleged a partnership which was met by general denial on the part of Dove. The issue of joint or community interest or a claim that Dove was due Coleman anything for services was not made by the pleadings, and in giving special charge No. 1 the court gave appellant more than he was entitled to ask. Hall v. Ray, 179 S. W. 1136 (7–9). The fourth special charge, requested by appellant and refused, was with reference to the right of partners to dissolve the partnership. It was applicable to the facts of the case and should have been given.

[5] It is contended under the fifth assignment that because appellee introduced the sworn pleadings of appellant in evidence, wherein the partnership allegations of the petition were denied, the court should have peremptorily instructed the jury to find that there was no partnership, since in introducing such sworn pleadings appellee was bound by their statements with reference to the existence of a partnership therein contained. The practice in such cases is correctly stated by Justice Boyce in T. & N. O. Ry. Co. v. Patterson & Roberts, 192 S. W. 585, in the following language:

"Plaintiffs introduced in evidence the answer of the defendant Texas & New Orleans Railway Company without limitation, and such answer contained the statements of facts above quoted. This is all of the evidence on this phase of the case, and we believe the plaintiffs, 'having made the statements of his adversary evidence,' are 'concluded by them.' Baker v. Cook, 13 Tex. 80."

In the instant case there was other evidence introduced by Coleman upon the ques-

tion of partnership, and he was therefore not concluded by the statements in the pleadings introduced by him. This disposes of the several assignments bearing upon that question.

The failure of the court to grant a new trial, upon the ground of newly discovered evidence, will probably not arise upon another trial, and the assignment presenting that contention will not be discussed.

[6] In order for appellee to recover his half of the alleged profits accruing to the parties from the Kincheloe job, it was necessary for him not only to plead, but to prove that the building had been completed in accordance with the contract made with Kincheloe, and further, that Dove had collected the money due from Kincheloe, or that it was his duty to collect it, since Kincheloe was not made a party to the suit. The evidence is uncontradicted that the Kincheloe building had not been completed according to contract, and that only a part of the money had been paid by him. It would be clearly inequitable to render judgment against Dove in a partnership accounting, if in fact the partnership existed, when the record shows he had never collected the money, and in all probability might never collect it. Hunt v. Gorden, 52 Miss. 194; Levin v. Steinlee, 200 S. W. 1137; Laing v. O'Connor, 19 Tex. Civ. App. 454, 48 S. W. 546. No reason is alleged or shown why Coleman, if in fact a partner, could not himself collect it.

For the error pointed out, the judgment is reversed, and the cause remanded.