Cecil HAWKINS, d/b/a Portland Plumbing and Electric Company, Appellant,

v.

B. & G. CONSTRUCTION AND DITCHING COMPANY, Appellee.

No. 3363.

Court of Civil Appeals of Texas.

Waco.

March 29, 1956.

Robert A. Sone, Corpus Christi, for appellant.

Nye & Cohn, Corpus Christi, for appellee.

TIREY, Justice.

Appellant perfected this appeal by writ of error. The judgment entered was by default.

Plaintiff grounded his cause of action on an oral agreement entered into by him as a partner in the B. & G. Construction Company as one party and Cecil Hawkins, doing business as the Portland Plumbing & Electric Company as the other party. We quote verbatim the pertinent parts of plaintiff's petition:

"That heretofore, to-wit, on or about the 15th day of July, 1954, plaintiff, B. & G. Construction & Ditching Company, by and through one of its partners, J. B. Grider, entered into a verbal agreement with defendant, Cecil Hawkins, doing business as Portland Plumbing & Electric Company, whereby plaintiff and defendant entered into a partnership for the purpose of ditching and laying pipe in the township of Louise, County of Harris, Texas, such partnership agreement between plaintiff and defendant hereinafter referred

to as 'Partnership' for clarity. That there was then existing in said township of Louise a certain subdivision near which was a certain sewer line which was to ultimately service said subdivision. That more specifically, the purpose of the 'Partnership' was to ditch and lay pipe from said main line to the various houses in the subdivisions. That the contracts for ditching and laying said pipe were between the 'Partnership' and the owners of said houses and were made individually with each of said owners, and there was not a contract for the entire subdivision as such. That under the terms and conditions of said 'Partnership', plaintiff, being experienced in ditching, was to ditch from the mainline to the houses and defendant was to solicit and acquire jobs, procure and negotiate for pipe and supplies, and to supervise the laying of the pipe and the connecting of the pipe to the main line. That defendant was to furnish the necessary capital for the undertaking and that plaintiff was to make available its ditching machine and a qualified operator. It was further understood and agreed by and between plaintiff and defendant at the time this contract was made and entered into that plaintiff and defendant were to share equally in the profits of the 'Partnership' derived from said operation.

"That in accordance with the terms and conditions of the 'Partnership' above set out, plaintiff immediately proceeded to convey its ditching machine from Corpus Christi, Texas, to the township of Louise, and J. B. Grider, a partner therein, accompanied said machine for the purpose of fulfilling plaintiff's part of the 'Partnership' agreement. That the operations aforesaid were commenced, and that more or less 3387 feet of ditching was dug and pipe laid and connected to the main line. That for said operations the 'Partnership' contracted with the various owners for 2787 feet of ditching

and laying at $1.00 per foot and for 600 feet at 75¢ a foot, which total amounts were paid or are owing on said work.

"That from the 17th day of July, 1954, to the 6th day of August, 1954, J. B. Grider, one of the partners of plaintiff, remained in the township of Louise and operated the ditching machine, and supervised some of the laying of the pipe in accordance with the terms of the 'Partnership' agreement. That the expenses and costs of labor and material incurred by plaintiff and defendant, plaintiff believes, amounted to approximately the sum of $1,439.00. That all accounts, records and collections made by the 'Partnership' and the expenses as aforesaid were kept and maintained by the defendant and such records are in his possession and it is therefore impossible for plaintiff to determine exactly said amounts.

"That plaintiff, through said J. B. Grider, continued operation of the 'Partnership' business, ditching and laying pipe, until the 6th day of August, 1954, during which time the B. & G. Construction Company expended of its own money the amount of One Hundred Twenty and No/100 Dollars ($120.00), in addition to furnishing equipment and to handling most of the operations, including the solicitation of jobs, collection of money, and general management and overseeing; much of which was the obligation of defendant who spent a majority of such period away from the jobs and vicinity, and, to the best of plaintiff's knowledge, attending to affairs personal to defendant and not in furtherance of the said 'Partnership'; that plaintiff received no part of the proceeds of said 'Partnership' operations except the sum of Two Hundred Fifty and No/100 Dollars ($250.00); that on or about the 6th day of August, 1954, plaintiff gave notice to defendant by and through J. B. Grider that the 'Partnership' was dissolved and at that time made demand upon defendant for an account-

ing and distribution of the profits of the 'Partnership', which demand defendant failed and refused to comply with and still fails and refuses to comply with."

In the decree we find the following recital:

"The appearance day of Cecil Hawkins, doing business as Portland Plumbing & Electric Company, defendant, having passed, and the court being regularly in session in term time at the place where the said above entitled and numbered cause was commenced in which cause B. & G. Construction & Ditching Company, a partnership comprised of J. B. Grider and Joe Brockett, is plaintiff and Cecil Hawkins, doing business as Portland Plumbing & Electric Company is defendant, such cause was called on request of plaintiff, and came the plaintiff in person and by his attorney, and though duly served with process defendant has at all times, as heretofore, failed to appear or answer in his behalf, but wholly made default; wherefore, the citation, with the officer's return thereon, having been on file with the clerk of this court ten days exclusive of the day of filing and of this day, plaintiff ought to recover its damages by occasion of the premises against defendant, who is in default, and it appearing that the cause of action is unliquidated, the court proceeded to hear evidence, and the evidence having been heard by the court, and it appearing to the court that the plaintiff and defendant had in fact entered into the partnership as alleged in plaintiff's original petition and that such partnership had in fact been dissolved, and it appearing further to the court that plaintiff has been damaged in the amount of Six Hundred Nine Dollars ($609.00) by defendant, it is therefore, ordered, adjudged and decreed by the court that plaintiff have judgment declaring that such partnership between plaintiff and defendant was in fact dissolved as alleged in plaintiff's original petition, and that plaintiff do have and recover of and from defendant the sum of Six Hundred Nine Dollars ($609.00), with interest thereon at the rate of 6% per annum from this day, together with costs of suit in this behalf expended, and that it have its execution."

The judgment is assailed on three points. They are substantially: (1) "The pleadings are insufficient to show a good cause of action by plaintiffs against defendant for moneys due them by defendant"; (2 and 3) there is no evidence to support the judgment entered and the evidence is insufficient to support the judgment.

It is our view that Point 1 is well taken and must be sustained and that our action in this behalf will require that the cause be reversed and remanded. We think that Point 1 is controlled by the rule stated in Dove v. Coleman, Tex.Civ.App., 234 S.W. 917, point at page 919, no writ history. The rule there stated is:

"In order for appellee to recover his half of the alleged profits accruing to the parties from the Kincheloe job, it was necessary for him not only to plead, but to prove that the building had been completed in accordance with the contract made with Kincheloe, and further, that Dove had collected the money due, Kincheloe, or that it was his duty to collect it, since Kincheloe was not made a party to the suit. The evidence is uncontradicted that the Kincheloe building had not been completed according to contract, and that only a part of the money had been paid by him. It would be clearly inequitable to render judgment against Dove in a partnership accounting, if in fact the partnership existed, when the record shows he had never collected the money, and in all probability might never collect it. [Citing] Hunt v. Gorden, 52 Miss. 19!; Levin v. Steinle, Tex.Civ.App., 200 S.W. 1137; Laing v. O'Connor, 19 Tex.Civ.App. 454, 48;

S.W. 546. No reason is alleged or shown why Coleman, if in fact a partner, could not himself collect it."

See also 29A, Tex.Digest, Partnership, ☞327(6).

Rule 90, Texas Rules of Civil Procedure, provides in part:

"* * * Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered."

This rule is applicable and controlling here and we think the pleading of plaintiff is insufficient to show a good cause of action in its behalf against defendant, because under the pleading there was a verbal contract to do some laying of pipe from the main water lines to houses located in a certain subdivision of the townsite of Louise in Harris County, and that such contracts had to be negotiated with various individuals in the townsite, and that the work required the digging of certain ditches and the laying of pipes in the ditches, with plaintiff obligated to do the ditching and defendant obligated to do the laying of the pipe, or a part of same, and probably connecting the pipes with the houses. The individuals for whom the work was to be done were to pay for the work. It appears that plaintiff completed its work and returned the machinery used by it on the job to Corpus Christi, but the record does not disclose that defendant ever completed its part of the pipe connections, nor that the entire job was completed. Moreover, there is no allegation in plaintiff's pleading that defendant ever collected the moneys due for the job, or that he ever had the money from the job in his possession, nor that it was defendant's duty to collect the money and pay plaintiff for the expenditures on the job or its profits. It is alleged that defendant was to supply the capital to carry on the job, and plaintiff on the one hand and defendant on the other were to share equally in the net profits. It is also alleged that plaintiff and defendant contracted for 2,787 feet of ditching and pipe laying at $1 per foot and 600 feet at 75¢ per foot, which total amounts were paid or are owing on said work. In this connection plaintiff alleged that it believed, but did not know for sure, as to the amount of expenses incurred in carrying on the job by plaintiff and defendant, but it knows of $1439; that all accounts, records and collections made by the partnership, as well as the expenses, were kept by the defendant and are in his possession and that it is impossible for plaintiff to say with any exactness as to what they were; that plaintiff received $250 from the partnership operations, although it does not know how much of the money has been collected or is owing on the work. We think the foregoing defects pointed out in plaintiff's pleading on which the judgment is based show conclusively that it falls within the contemplation of the rule herein quoted.

We have carefully examined the Statement of Facts showing the evidence introduced by plaintiff in its attempt to prove up this unliquidated demand, and we think it is insufficient to support the pleading. In view of the fact that the cause will have to be re-tried, we refrain from further comment on the testimony.

█ It follows that we are of the view that this cause will have to be reversed and remanded. See Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58.

Accordingly, the judgment of the trial court is reversed and the cause remanded.